STATE OF IOWA, Appellee, v. C. H. REYNOLDS, Appellant.

No. 39571.

SEPTEMBER 24, 1929.

*Walter Koerner* and *B. M. Benson,* for appellant.

*John Fletcher,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, and *Allan J. Kane,* County Attorney, for appellee.

ALBERT, C. J.—The evidence shows that, on the 28th day of September, 1926, one Mary A. Kraus executed and delivered to P. H. Meyer a promissory note for $1,700, secured by a mortgage on certain town property in the city of Dubuque, which loan was made through the defendant, C. H. Reynolds. Whether Reynolds was the agent of the borrower or the lender is left wholly indefinite in the record.

The evidence further shows that one Frank M. Kelly was indebted to Mrs. Kraus on a note and mortgage on other property, in the sum of $1,800. In the latter part of September, 1927, the defendant telephoned Mrs. Kraus that Meyer wanted his money on his mortgage and note, and that Kelly was ready to pay his mortgage and note to her, and advised her to come to his office. When she came to his office, on the 30th day of September, 1927, Kelly was present, and paid the money due Mrs. Kraus, in the sum of $1,800, $1,700 of which was left by Mrs. Kraus with Reynolds, to be paid to Meyer on his mortgage and note, Reynolds giving Mrs. Kraus a receipt so reciting, bearing date September 30, 1927. On October 1st following, Reynolds called Meyer to his office, and informed him that Mrs. Kraus wished to pay the mortgage and note held by Meyer, and on that date, Meyer went to his safety deposit box in the bank, secured the mortgage and note, returned to Reynolds's office, and executed a release of said mortgage, turning all of the papers over to Reynolds. Mrs. Kraus was not present at this particular time, but appeared later, and the mortgage and note were turned over to her; and a couple of days afterwards, she received through the mail the release, which had been properly recorded. Several days thereafter, Meyer called at defendant's office, to get the money paid in by Mrs. Kraus. He made several demands therefor, and was told that defendant had used the money in his own business.

On this set of facts, briefly stated, the defendant is called to the bar, to answer a charge of embezzlement, under a claim that, when he received the money, he was the agent of Meyer, the charge being made under Section 13031, Code of 1927.

One of the principal assignments of error is that the State

wholly failed to make a case against the defendant, because there was no showing of agency, as required by this section of the statute; and we think this assignment of error must be sustained. The record is wholly wanting in evidence of agency. There is no claim that there was an express agency, and there is nothing in the record from which an implied agency could be inferred. The only conclusion possible, under the evidence in the case, is that defendant was the agent of Mrs. Kraus to pay this money to Meyer in payment of the mortgage and note held by him. Further than this, there can be no inference of an agency of any kind in the case, but the indictment is bottomed, not on the claim of embezzlement of Mrs. Kraus's money by reason of Reynolds's agency for her, but on the basis of an embezzlement of Meyer's money, by reason of the existence of the agency between Meyer and the defendant; and, as stated, on this latter named agency, there is not a particle of evidence in the record on which such a claim of agency could be based. Meyer, according to his testimony, seems never to have had but one transaction with the defendant, and that was the loan made to Mrs. Kraus, about a year before. He states in his testimony that he never saw Reynolds from the time of the making of the Kraus loan until he was advised by him that Mrs. Kraus wished to pay the money and he went to Reynolds's office, on the 1st day of October, 1927.

He further testifies that he left the mortgage and note with Reynolds for collection on the 1st day of October. Of course, that transaction created a relation of principal and agent between them, but, unfortunately for the State, this cannot supply an agency on the 30th day of September, 1927, when defendant received this money. In other words, when the defendant received the money from Mrs. Kraus on September 30th, he was not the agent of Meyer, and he did not tell Meyer that Mrs. Kraus had paid the money in, the day before.

With this situation, there can be but one solution of the problem before us: that is, that the State has wholly failed to establish any agency whatever between Meyer and the defendant, and, it having so failed, the motion of the defendant for a directed verdict at the end of the testimony of the State should have been sustained.—*Reversed.*

STEVENS, FAVILLE, DE GRAFF, and MORLING, JJ., concur.